```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
KENNETH PAGE,

                    Respondent,           10 Civ. 5264 (DAB)
                                           MEMORANDUM AND ORDER
        v.

JAMES CONWAY,

                    Defendant.
---------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

On May 3, 2013, United States Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("Report"), recommending that the Petitioner's ("Petitioner" or "Page") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be denied. (Report at 27.) For the reasons set forth below, Judge Fox's May 3, 2013 Report and Recommendation shall be ADOPTED in its entirety. Accordingly, the Petition for a Writ of Habeas Corpus is DENIED.

I. BACKGROUND

The facts underlying Page's convictions are set forth in detail in the Report and will not be repeated here.

On August 9, 2013, Petitioner filed a timely Objection to the Report. (ECF No. 38.) In the Objection, Petitioner makes a claim of ineffective assistance of counsel, alleging that trial counsel (1) failed to preserve a claim based on the sufficiency

of evidence; (2) failed to secure a missing witness jury instruction; (3) failed to request additional time to investigate; (4) failed investigate the Parole Officer and other witnesses; and (5) failed to secure a Rosario violation. (Obj. at 1-2.) On September 18, 2013, the Respondent filed a letter, which indicated that it would neither file its own Objection to the Report nor a response to Petitioner's Objections. (Resp't Letter, Sept. 18, 2013.)

II. DISCUSSION

A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court must afford substantial deference to a state court's decision when a federal constitutional claim has been adjudicated on the merits. See 28 U.S.C. § 2254(d); see also Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001). So long as a state court's decision is not manifestly unreasonable, its factual findings are presumed to be correct, a presumption that can only be successfully rebutted upon a showing of "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The District Court will not accept an unreasonable application of clearly established federal law; such an application will result in a state court's legal conclusions being overturned. Lockyer v.

Andrade, 538 U.S. 63, 75 (2003)("'[U]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.'")(quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)); Wiggins v. Smith, 539 U.S. 510, 520-21 (2003)(explaining the application "must have been more than incorrect or erroneous" but rather "objectively unreasonable")(quoting Williams, 529 U.S. at 409). Under the ADEPA, a federal law is clearly established if the United States Supreme Court has resolved the issue on the merits and issued a holding at the time of a state court's decision. Carey v. Musladin, 549 U.S. 70, 74 (2006).

The District Court may designate a magistrate judge to submit proposed findings of fact and recommendations for dispositive motions and prisoner petitions. 28 U.S.C. § 636(b)(1)(B); accord Fed.R.Civ.P. 72(b)(1). "Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72 (b)(2); accord 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the report to which no timely

objection has been made, as long as there is no clear error on the face of the record. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).

The District Court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that a party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865, 2008 U.S. Dist. LEXIS 92267, at *2 (S.D.N.Y. Nov. 3, 2008); see Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.")(citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636 (b)(1)(C).

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments

4

that they suggest." Howell v. Port Chester Police Station, No. 09 Civ. 1651, 2010 U.S. Dist. LEXIS 23852, at *4 (S.D.N.Y. Mar. 15, 2010)(citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06 Civ. 5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008)(internal quotations marks omitted)).

B. Petitioner's Objections to the Report.

Petitioner objects to the Report alleging that he was denied effective assistance of trial counsel in violation of the Sixth Amendment of the United States Constitution. (Obj. at 1.) The objection is based on Petitioner's assertions that his trial counsel: (1) failed to preserve a legal sufficiency of evidence claim; (2) failed to secure a missing witness jury instruction; (3) failed to properly secure the Rosario violation; (4) failed to request additional time to conduct a proper investigation; (5) failed to investigate parole officer Volnica Tamola; and (6)

failed to investigate other witnesses and critical evidence. (Obj. at 1-2.)

The Court evaluates ineffective trial counsel challenges according to the standard established in <u>Strickland v. Washington</u>, 466 U.S. 668, 669 (1984). The <u>Strickland</u> standard requires Petitioner to demonstrate that assistance of "counsel was objectively unreasonable," and that such representation caused actual "prejudice." <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000)(citing <u>Strickland</u>, 466 U.S. at 687-88). Prejudice requires that Petitioner "show a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal." <u>Id.</u> (citing <u>Strickland</u>, 466 U.S. at 694). However, "[t]here is a strong presumption that counsel's performance falls within the range of reasonable professional assistance," and the Court is cognizant of the potential "distorting effect of hindsight . . . [and] the difficulties inherent in making [such an] evaluation." <u>Strickland</u>, 466 U.S. at 669. See <u>Yarborough v. Gentry</u>, 540 U.S. 1, 8 (2003)("The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.") An ineffective assistance of counsel claim made in a habeas petition, moreover, is evaluated "[u]nder the doubly deferential judicial review that

applies to a Strickland claim evaluated under the § 2254(d)(1) standard." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009); accord Black v. Workman, 682 F.3d 880 (10th Cir. 2012) (describing the joint standard as "tandem review [that] is doubly" deferential).

Petitioner disagrees with the Report's finding that his counsel, in fact, was not ineffective. Addressing five of Petitioner's claims -- failures related to preserving a legal sufficiency of evidence claim, securing a missing witness jury instruction, requesting additional time, investigating the Parole Officer, and investigating other witnesses and evidence -- Judge Fox found that the state court opinion did not entail an unreasonable application of clearly established federal law.[1] (Report at 22-23, 25-27.) Where Petitioner's Objection "simply reiterates the original arguments [from the petition], the Court will review the [objections] strictly for clear error." DiPilato, 662 F. Supp. at 339 (quoting Indymac Bank, F.S.B., 2008 U.S. Dist. LEXIS 92267, at *2). Here, the Court finds none.

---

[1] Judge Fox agreed to examine the merits of sufficiency of evidence claim in the Report because the state court had erred in making its determination. (Report 25.) Nevertheless, upon review of the merits, he ultimately determined that "the record [did] not indicate that counsel's performance was deficient." (Report at 25-26.)

Finally, Petitioner asserts that his trial counsel's failure to secure a Rosario violation is proof of her ineffectiveness. See People v. Rosario, 9 N.Y.2d 286, 288 (N.Y. 1961); accord N.Y. Crim. Proc. Law § 240.75 (Consol. 2014). The New York Court of Appeals concluded that "[a]s long as the statement relates to the subject matter of the witness' testimony and contains nothing that must be kept confidential, defense counsel should be allowed to determine for themselves the use to be made of it on cross-examination." Rosario, 9 N.Y.2d at 289; accord N.Y. Crim. Proc. Law § 240.45(1)(a). Petitioner alleges that the loss of Detective Jamal's memo pad, which contained notes of Petitioner's previous conversations, adversely affected counsel's ability to properly cross-examine the detective. (Report at 11; Obj. at 1.) Petitioner raised this objection before the Magistrate, but failed to support the claim with facts and law. (Am. Pet. at 7.) However, the Report did not make a recommendation specific to this objection and, therefore, the Court examines it de novo.

To succeed on an claim of ineffective assistance of counsel, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. Petitioner cannot meet this burden, however, because counsel actually did raise the Rosario violation based on the

8

prosecution's failure to disclose the detective's notepad. Judge Fox's Report notes that

> The court found that counsel . . . was able to secure a sanction against the People for the loss of the detective's steno pad in that she convinced the court to charge the jury that they could infer that defense counsel's cross examination of the detective was adversely affected by his inability to locate and produce his notes regarding defendant's case.

(Report at 11)(quotations omitted). Even had counsel not secured the jury charge, which amounts to partial success on the motion, the failure to convince the Court to exclude the detective's testimony does not constitute ineffective assistance.

Petitioner's claim also fails because it does not show actual prejudice, which is required by the Strickland's second prong. The "court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. "In making this determination [of actual prejuice], a court . . . must consider the totality of the evidence before the judge or jury." Id., at 695.

9

Absent the detective's testimony, which Petitioner alleges should have been excluded, there is abundant evidence to support the verdict.  There was DNA evidence linking Petitioner to a hat found at the crime scene, testimony from a ballistic expert demonstrating that the bullet that killed the victim was fired from Petitioner's gun, and testimony from another expert concluding that the eyeglass lenses found at the crime scene fit Petitioner's rare prescription. (Report 7-9.)  "[G]iven the plethora of evidence against him, there is little reason to believe that alternative counsel would have fared any better." United States v. Simmons, 923 F.2d 934, 956 (2d Cir. 1991). Petitioner's claims are without merit, as he is unable to demonstrate meet either Strickland prong.

The Court has reviewed all unopposed portions of the Report and Recommendation for clear error and finds none.  Those portions, therefore, are approved.

III. CONCLUSION

The Court, having conducted the appropriate levels of review, hereby ORDERS and ADJUDGES as follows:

1. The May 3, 2013 Report and Recommendation of United States Magistrate Judge Kevin Nathaniel Fox, be and the same hereby is APPROVED, ADOPTED and RATIFIED by the Court;

2. Petitioner's § 2254 Petition is DISMISSED WITH PREJUDICE;

3. This Court DECLINES to issue a certificate of appealability pursuant to 28 U.S.C § 2253(c)(1)(A), because Petitioner has not "made a substantial showing of the denial of a constitutional right"; and

4. The Clerk of Court is directed to CLOSE the docket in this case.

SO ORDERED.

Dated: May 8, 2014
       New York, New York

_____
Deborah A. Batts
United States District Judge